# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHATEAU GROVE, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 18-0024**  (BOR Appeal No. 2052135)
                    (Claim No. 2016025087)

**CYNTHIA HOLLAND,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Chateau Grove, Inc., by, Jeffrey Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cynthia Holland, by James R. Fox, her attorney, filed a timely response.

The issue on appeal is vocational rehabilitation benefits. On July 29, 2016, the claims administrator denied a request for vocational rehabilitation and retraining. The Office of Judges modified the claims administrator's decision in its May 9, 2017, Order. The Order was affirmed by the Board of Review on September 29, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Holland, a licensed practical nurse, injured her neck and back when she was lifting a patient on July 9, 2015. Her claim was held compensable for a cervical sprain and cervical herniation. She underwent an anterior cervical discectomy and fusion at C5-C6 on October 21, 2015.

Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation on May 3, 2016. He noted a chief complaint of pain in the neck with radiation to the right upper extremity. He diagnosed cervical sprain, status post anterior cervical discectomy and fusion at C5-6. He opined that Ms. Holland was limited to sedentary/light physical demand level jobs and

1

assessed 22% whole person impairment. On May 18, 2016, Sally Oxley, PT, CHT, OCS, Cert. MDT, performed a functional capacity evaluation. She determined that Ms. Holland was not capable of performing the job of licensed practical nurse as Ms. Holland was limited to the light physical demand classification of work. Ms. Oxley recommended a work conditioning program to assist Ms. Holland's return to work. She opined that Ms. Holland was a potentially difficult rehabilitation candidate due to her inconsistent levels of physical effort throughout the evaluation. In her opinion, Ms. Holland would perform best in an occupation that allows frequent postural changes.

Chateau Grove offered Ms. Holland a position that would accommodate her work restrictions on July 20, 2016. Her job duties would include administering medication to residents, doing set medication passes, ordering medications from the pharmacy, charting, taking vital signs, monitoring lab work, and maintaining paperwork as required by regulations. On July 29, 2016, the claims administrator denied a request for vocational rehabilitation and retraining.

In a letter from her attorney, Ms. Holland declined Chateau Grove's job offer on August 9, 2016. Ms. Holland's attorney opined the proposed employment exceeded her physical restrictions and did not identify the physical demand levels of each job function by requiring her to push 100 pound medication carts. A request for rehabilitation retraining was made as Chateau Grove did not have an appropriate position available. Robert B. Walker, M.D., performed an independent medical evaluation on August 26, 2016. He assessed 28% whole person impairment. He did not render an opinion regarding Ms. Holland's physical work capabilities, but noted the limits of the functional capacity evaluation.

In its May 9, 2017, Order, the Office of Judges noted that Ms. Holland argued that the employer pretended it could accommodate her physical restrictions by offering her a light duty position. However, Ms. Holland asserted that the position required her to administer medication to residents which required her to push a 100-pound cart every day. The Office of Judges determined that Chateau Grove had not rebutted that assertion. The Office of Judges reviewed the hierarchy of priorities used to determine the need for vocational rehabilitation. It found that Ms. Holland had not proven that the priorities leading up to the highest priority of retraining, which Ms. Holland had requested, were not viable options. Therefore, it modified the claims administrator's denial of the request for vocational rehabilitation to order a referral to a vocational rehabilitation professional to work through the hierarchy of priorities instead of automatically advancing Ms. Holland through the priorities to retraining. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed its decision on September 29, 2017.

After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. Due to her physical restrictions, Ms. Holland is not able to return to her pre-employment position with Chateau Grove. In order to determine the proper rehabilitation benefits, Ms. Holland should have an evaluation by a qualified vocational evaluator to work through the hierarchy of vocational benefits. Therefore, the Board of Review did not err in affirming the Office of Judges modification of the claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker